13-3080-cr
*United States v. Tyo*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand fourteen.

PRESENT:

>JOSÉ A. CABRANES,
>SUSAN L. CARNEY,
>CHRISTOPHER F. DRONEY,
>> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

>*Appellant,*

>-v.-                                                             No. 13-3080-cr

TODD L. TYO, A/K/A SEALED DEFENDANT 1,

>*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                         BRENDA K. SANNES, Assistant United States Attorney (Richard R. Southwick, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLEE:**      GLENN PINCUS (Steven M. Cohen, *on the brief*), Hogan Willig, PLLC, Amherst, NY.

Appeal from a judgment of acquittal, entered March 22, 2013, by the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment of acquittal is **REVERSED** and the cause **REMANDED** with instructions for the entry of judgment in accordance with the jury's verdict, and for further proceedings consistent with that verdict and this Order.

Defendant Todd L. Tyo, a Customs and Border Protection ("CBP") Officer, was charged with concealment of a material fact under 18 U.S.C. § 1001(a)(1) (Counts One through Four),[1] obstruction of justice (Count Five), and theft of government property (Count Six). After trial, the jury returned a verdict of guilty on Counts Two and Four, and not guilty on the remaining four counts. On Tyo's motion after trial, however, the District Court entered a judgment of acquittal as to Counts Two and Four. The Government now appeals from that judgment of the District Court.

We assume the parties' familiarity with the underlying facts, procedural history, and issues for review, to which we refer only as necessary to explain our decision to reverse.

## BACKGROUND

The charges here arise from misconduct Tyo engaged in while working for the CBP. His job duties included collecting entry fees from trucks entering the United States through the border with Canada. Counts Two and Four charged Tyo with entering a "No Sale" entry in the CBP computer on two dates, which did not properly record his receipt of the $10.75 entry fee and concealed the fact that he stole the fees.[2] At all times during the trial, the Government's theory of the case was that, as alleged in the indictment, Tyo had "illegally kept the truck fee payment[s] for himself."

---

[1] In relevant part, Section 1001(a)(1) provides that:

> Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
> > (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact . . .
> > shall be fined under this title, imprisoned not more than 5 years . . ., or both.

18 U.S.C. § 1001(a)(1).

[2] Specifically, Count Two charged that:

> On or about April 13, 2011, . . . TODD L. TYO, did <u>knowingly and willfully falsify, conceal, and cover up by trick, scheme, and device a material fact</u>, in that the defendant did, . . . in his capacity as a U.S. Customs and Border Protection Officer, receive a cash payment for a truck entry fee from D.D., and did make a false and fictitious entry into a U.S. Customs and Border Protection computer cash drawer reflecting a "No Sale" when, in truth and in fact, as the defendant well knew, he should have entered his receipt of the payment in the computer cash drawer. The false and fictitious computer entry <u>did</u>

After trial, Tyo moved for a judgment of acquittal as to Counts Two and Four pursuant to Federal Rule of Criminal Procedure 29(c). The District Court granted his motion on the ground that there was insufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that Tyo *knowingly* and *willfully* made false entries in violation of 18 U.S.C. § 1001(a)(1), as charged in Counts Two and Four. The District Court reasoned that because there was no evidence that the concealment was being done to cover up theft, Tyo was not acting "willfully." *See* Special App'x 9 ("Although not an element of the crime, Tyo's alleged theft of the fees is, again, the only improper motive identified by the government for the willful act of making a false entry in the computer system.").

## DISCUSSION

On appeal, the Government argues that the jury verdict should be reinstated, and that the District Court erred in granting Tyo's motion for an acquittal. It maintains that, on the evidence presented, a rational jury could find—as the jury here found—that Tyo willfully concealed the fact that he was stealing money.

The standard of review we employ when addressing challenges to the sufficiency of the evidence is well established. We review the sufficiency of the evidence *de novo*. *United States v. Heras*, 609 F.3d 101, 105 (2d Cir. 2010). However, our review is exceedingly deferential to the jury's verdict, and we must "uphold the conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We consider the evidence presented "in its totality, not in isolation," *United States v. Huezo*, 546 F.3d 174, 178 (2d Cir. 2008), and must view the evidence "in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government," *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011) (internal quotation marks omitted). When there are "competing inferences, we must defer to the jury's choice" because "it is the task of the jury, not the court, to choose among competing inferences that can be drawn from the evidence." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (internal quotation marks omitted).

In entering the judgment of acquittal, the District Court concluded that there was no evidence that Tyo stole any fees on April 13 and July 14, 2011 (the only dates relevant to Counts Two and Four). Focusing only on those counts, we disagree. We have reviewed the record and conclude that there is sufficient circumstantial evidence for a reasonable jury to have concluded that Tyo in fact stole money on those dates, and that his false statements were made to conceal that

---

not reflect D.D.'s payment of the truck entry fee and concealed from U.S. Customs and Border Protection that the defendant had illegally kept the truck fee payment for himself.

Gov't App'x 20 (emphasis supplied). Count Four is identical in all respects, except for the date—July 14, 2011—and the initials of the trucker from whom Tyo received payment—J.O. *Id.* at 21–22.

3

material fact. This conclusion is based on the Government's evidence that Tyo stole fees from the CBP at other times, made misstatements in the course of the investigation and to truck drivers, and engaged in other misconduct.

Importantly, in coming to this conclusion, we may not be swayed by the jury's acquittals on the other counts: We are not permitted to consider inconsistent verdicts in assessing the sufficiency of the evidence. "[I]t has long been established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty." *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir. 1994). *See United States v. Powell*, 469 U.S. 57, 67 (1984) ("Sufficiency-of-the evidence review . . . . should be independent of the jury's determination that evidence on another count was insufficient."). Accordingly, the jury's acquittal on the theft count (Count Six) does not preclude a finding that Tyo, nonetheless, made the false statements at issue here in order to facilitate theft.

Tyo makes a number of alternative arguments on appeal, including that the Government constructively amended the indictment by changing its theory of liability and that he made no false statement because the "No Sale" button simply generated a receipt that said "drawer." The District Court rejected all of these arguments, and we do as well; they are without merit.

For the reasons set out above, we **REVERSE** the District Court's judgment of acquittal and **REMAND** with instructions for the entry of judgment in accordance with the jury's verdict, and for further proceedings consistent with that verdict and this Order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4